**Nelson R. LOZANO, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

No. 01–3259.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

Nelson R. Lozano, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lozano is incarcerated in Northeast Ohio Correctional Center, which is operated by the defendant Corrections Corporation of America (CCA). He alleged that, on May 2, 2000, he was informed that he had been infected with

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Helicobacter pylori (H.pylori) bacteria, which caused stomach pain, nausea, vomiting, and headaches. He was put on medication and his illness eventually subsided, but he was also reportedly told that the bacteria will remain with him the rest of his life and could develop into gastric cancer. Lozano further alleged that many inmates have been infected with H. pylori and that medical reports indicate the bacteria is most likely spread by fecal contamination of food and eating utensils or by contaminated water. He claimed that food service personnel have witnessed contaminated food trays and that the prison's water is also contaminated. Lozano asserted that CCA's deliberate indifference in failing to acknowledge the source of his illness amounts to cruel and unusual punishment. He sought injunctive relief and $2 million in compensatory and punitive damages.

The district court dismissed Lozano's civil rights action pursuant to 28 U.S.C. § 1915(e) in a memorandum opinion and order entered on February 16, 2001. The district court found that the complaint failed to state a claim because § 1983 will not support a claim based upon the doctrine of respondeat superior. Lozano presented no allegations specifically connecting the named defendant to the asserted violation of his federally protected rights, and the district court noted that it was not required to accept summary allegations or unwarranted legal conclusions.

On appeal, Lozano argues that the district court erred in finding that he relied upon the doctrine of respondeat superior. Instead, he states that he correctly named CCA as the cause of his illness because CCA built the institution and maintains the water system.

 Upon review, we affirm the district court's judgment for the reason stated therein. This court reviews *de novo* a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim upon which relief may be granted. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires district courts to screen cases at the moment of filing and to dismiss *sua sponte* those that are frivolous or fail to state a claim for relief. *Id.* at 612. In determining whether the plaintiff fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

 To state a cause of action under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir.1998). The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability upon supervisory personnel; rather, in order to find a supervisor liable, a plaintiff must allege that he condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). Despite his protestations to the contrary, Lozano made no such allegations. While the standard for dismissal for failure to state a claim is liberal, more than bare assertions of legal conclusions are ordinarily required. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 319 (6th Cir.), *cert. denied,* 528 U.S. 871, 120 S.Ct. 172, 145 L.Ed.2d 145 (1999).

Accordingly, the district court's judgment, entered on February 16, 2001, is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.